Filed 11/12/13  P. v. Alvarez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065300 |
| v. | (Super. Ct. No. BF137298A) |
| LUIS ENRIQUE ALVAREZ, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Franson, J., and Peña, J.

Pursuant to a plea agreement, appellant, Luis Enrique Alvarez, on April 9, 2012, pleaded no contest to one count of continuous sexual abuse of a child under the age of 14 (Pen. Code, § 288.5; count 5) and three counts of committing a lewd or lascivious act against a child under the age of 14 (Pen. Code, § 288, subd. (a), counts 6, 8, 9). One of the terms of the plea agreement was that appellant would be sentenced to 22 years in prison. On June 6, 2012, the court imposed the agreed-upon 22-year prison term, calculated as follows: on count 5, the upper term of 16 years, plus two years on each of the remaining counts.

Appellant filed a timely notice of appeal. Insofar as the record reveals, appellant did not request, and the court did not issue, a certificate of probable cause (Pen. Code, § 1237.5).[1]

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## FACTS

The report of the probation officer states that a Bakersfield Police Department report indicates the following: On June 8, 2011, the victim (V.), who was then 11 years old, told her mother, I.P., that appellant—from whom I.P. was separated but who I.P.

---

[1] Appellant indicated on his notice of appeal (notice) that his appeal "challenges the validity of the plea or admission." The notice informed appellant that given his challenge to the validity of the plea, he was required to "complete the Request for Certificate of Probable Cause on the other side of this form." (Unnecessary italics omitted.) However, on the copy of the notice contained in the appellate record, the reverse side of the notice is blank, and there is no indication in the record appellant requested a certificate of probable cause in some other way.

sometimes allowed to take care of V.—"had been touching [V.] inappropriately." Appellant, when subsequently questioned by police, stated "he inserted the tip of his penis … [in V.'s] vagina approximately four times," most recently in May 2011, and that he had touched V.'s vagina with his fingers two to three times when she was eight years old, three to four times when she was nine years old, three times when she was 10 years old and three times when she was 11 years old.

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.